IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR17** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MARCUS LAWSON,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 52).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 23, 24, 26, 27, 29, 38, and 39 of the PSR.  The objections are discussed below.

### ¶¶ *23 and 24 - Government's Version of the Offense*

The Court is not at liberty to change the government's version of the offense.  The objections are denied.

### ¶¶ *26, 27, and 38 - Facts Relating to "Firearm or Magazine"*

The objection to facts regarding "firearm or magazine" appear to relate to the objection to the base offense level set out in ¶ 38.  In the plea agreement, the parties agreed that "[s]ince the magazine was not in close proximity to the firearm, the parties agree the Guidelines base offense level applicable to Mr. Lawson is 14, not 20." (Filing No. 46, ¶ 6.  However, the PSR applies base offense level 20 based on the capacity of the

firearm to accept a large capacity magazine.  U.S.S.G. § 2K2.1(a)(4)(B)(i)(I).  This issue was not contemplated by the parties in the plea agreement.

The objections to ¶¶ 26, 27, and 38 will be heard at sentencing.

### ¶¶ *29 and 39 - Firearm Possessed in Connection With Another Felony Offense*

The Defendant objects to the 4-level enhancement under U.S.S.G. § 2K2.1(b)(6). The objection will be hard at sentencing, and the government has the burden by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's Objections to ¶¶ 23 and 24 of the Revised Presentence Investigation Report (Filing No. 52) are denied;

2. The Defendant's Objections to ¶¶ 26, 27, 38 (Firearm or Magazine) (and 29 and 39 (Another Felony Offense) of the Revised Presentence Investigation Report (Filing No. 52) will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.	Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 21st day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3